**Dated: July 20, 2015**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES A. & JOYCE FUNDERBURGH, | ) | Case No.  07-10192-JDL |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| SUSAN MANCHESTER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 15-1212-JDL |
| | ) | |
| JAMES A. FUNDERBURGH and | ) | |
| JOYCE FUNDERBURGH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO SET ASIDE ORDER GRANTING
DEFAULT SUMMARY JUDGMENT**

This matter comes on for consideration upon Defendants' *Motion to Set Aside Order*

*Granting Default Summary Judgment and Request for Award of Reimbursement* (the

"*Motion*") [Doc. 15] and *Trustee's Response to Motion to Vacate Judgment and Brief in Support* (the "*Response*") [Doc. 16]. The *Motion* seeks to set aside the Court's *Order Granting Summary Judgment* entered on June 19, 2015 ("the *Order*") [Doc. 13]. The Court having reviewed the file, the docket sheet and the pleadings before the Court, pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014 makes the following findings of fact, conclusions of law and enters the following Order.[1]

## **Background**

Defendants' bankruptcy has a long, tortuous eight-year history of litigation, much of which is interesting but not relevant to understanding the sole issue presently before the Court, i.e. should the court vacate its order granting summary judgment.

Defendants filed their Petition for Relief under Chapter 7 on January 27, 2007. On July 18, 2007, the Trustee filed an adversary proceeding seeking to avoid and to recover damages for fraudulent transfers for the benefit of the estate and to deny Defendants a discharge. [Adv. No. 07-1144-NLJ]. Trial of the adversary proceeding was held in November 2010. On May 28, 2014, the bankruptcy court entered its *Order Avoiding Fraudulent Transfers Pursuant to 11 U.S.C. § 548 and Denying Debtors' Discharge pursuant to § 727(a)(2)(A) and (a)(5)* ("the *Order Avoiding Fraudulent Transfers*"). The court determined that Defendants had fraudulently transferred, for matters pertinent in this case, a 2001 Chevrolet Corvette, Defendants' interest in Funderburgh Horton LLC, and a factory signature diamond Rolex watch. [Adv. No. 07-1144-NLJ, Doc. #161]. While the

---

[1] Any finding of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

bankruptcy court placed a value on the fraudulently transferred property it did not enter a monetary judgment for the same. Defendants thereafter commenced an appeal to the Bankruptcy Appellate Panel of the Tenth Circuit which on February 2, 2015, affirmed the bankruptcy court's order and judgment [BAP Appeal No. 14-23, Doc. # 37; Adv. 07-1144-NLJ Doc. #].

On April 22, 2015, the Trustee commenced this action by the filing of her *Complaint to Recover Property of the Estate or Judgment for Property of the Estate and to Recover Avoided Transfer Pursuant to 11 U.S.C. § 550* ("the Complaint") [Doc.1]. The *Complaint* sought judgment in the amount of $7,275 for the value of the transferred Rolex watch, $24,000 for the value of the transferred Chevrolet Corvette, and $27,435 for the value of the transferred interest in Funderburgh Horton LLC. On May 22, 2015, Defendants filed their *Answer* admitting nine (9) of the 20 paragraphs of the *Complaint,* "admitting in part and denying in part" six (6) paragraphs and denying two (2) paragraphs. There were no specific factual allegations or any affirmative defenses asserted.

On June 3, 2015, the Plaintiff filed *Trustee's Motion and Brief in Support of Motion for Summary Judgment on Trustee's Adversarial Cause of Action Against James A. Funderburgh & Joyce Funderburgh to Recover Avoided Fraudulent Transfer and for Recovery of Property of the Estate or Judgment for Its Value with Notice for Opportunity for Hearing* (the "*Motion for Summary Judgment* ") [ Doc. 11]. Under Local Rule 9013-1 a party wishing to respond to a motion for summary judgment has 14 days to so, and the *Motion for Summary Judgment* included such 14-day notice. Defendants failed to file a response to the *Motion for Summary Judgment* within the 14 days required by the Local

Rule. On June 19, 2015, Trustee electronically uploaded a proposed *Order Granting Trustee's Motion for Summary Judgment* which the court entered. [Doc. 13]. On June 29, 2015, Defendants filed their *Motion*.

**Defendants' Motion to Set Aside
the Court's Granting a "Default" Summary Judgment**

In seeking to set aside the *Order*, Defendants rely upon Fed. R. Bankr. Rule 7055(c) which is entitled "Setting Aside a Default or a Default Judgment". The Court takes issue with Defendants' characterization of the situation presented here (i.e. the entry of a judgment after party fails to respond to a summary judgment motion) as a "default judgment". Here, the Court rendered judgment for Plaintiff after fully examining the case on its merits and in determining that Plaintiff was entitled to recover the value of the fraudulent transfers which the bankruptcy court had previously determined and which the BAP had affirmed.

The Court reached its decision independently, after evaluating Plaintiff's claims and reviewing the entire record. Summary judgment was not granted simply because Defendants failed to file a response. To the contrary, the Court reached this result because that outcome was warranted by the facts and circumstances. By contrast, when a party prevails in a lawsuit because of the entry of a default judgment, there is no substantive, independent analysis; by definition, the plaintiff's claims are granted automatically, without regard to the actual merits of the underlying claim. *See generally*, Fed. R. Civ. P 55(a) ("when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk *must* enter the parties default."); Fed. R. Civ. P. 55(a) ("if the plaintiff's claim is for a sum certain. . . the clerk . . . *must* enter

4

judgment for that amount . . . against a defendant who has been defaulted for not appearing . . ."). The situation here is different. Unlike the circumstance presented by the entry of default judgment, the inaction of Defendants' attorney in failing to respond to the motion for summary judgment was hardly the sole or even the primary basis for the unfavorable judgment. Accordingly, the Court's normal reticence against entering a default judgment where the merits are not considered is not present. *Dennis Garberg & Assoc., Inc. v. Pack-Tech Inter'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997); *Katzson Brothers, Inc. v. U.S. Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988).

Although the Local Rules provide that a party's failure to respond to a motion for summary judgment is deemed consent to the court granting the motion, the court will nonetheless rule substantively on such motions and generally does not grant dispositive motions on procedural defaults alone. Thus, notwithstanding a non-responding party's "consent", the court cannot grant a motion for summary judgment based solely on the debtors failure to respond and must consider the merits of the motion. *Issa v. Comp USA,* 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Reed v. Bennett*, 312 F. 3d 1190,1194 -95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56). A court can only grant summary judgment "if the motion demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law". *Reed v. Bennett*, 312 F.3d at 1196.

In this case, in entering judgment the Court did not merely "rubber stamp" Plaintiff's proposed *Judgment*. Rather, the Court thoroughly reviewed the record in this adversary,

the preceding adversary (including the 41 page order granting Plaintiff a judgment denying Debtors a discharge and determining fraudulent transfers) which was appealed to and affirmed by the BAP, as well as the underlying bankruptcy case.  In the *Motion for Summary Judgment and Brief in Support,* Plaintiff gave a thorough, well-documented exposition of why there were no material facts in dispute and that she was entitled to judgment as a matter of law.  A brief recitation of those facts substantiates the Court's grant of summary judgment.

This adversary was to determine the value of the three transfers which the court in the previous adversary had determined in its *Order Avoiding Fraudulent Transfers* [Adv. 07-1144, Doc. 161] to be fraudulent under 11 U.S.C. § 548: (1) the 2001 Chevrolet Corvette transferred to Defendants' son and which Defendants sold for $24,000 after the filing of the bankruptcy [Adv. No. 07-1144, Doc.161 at 10, 39-40; *Pretrial Order*, Doc. 121, *Stipulations* ¶ 1 (F) (6)]; (2) Defendants' interest in the limited liability company Funderburgh Horton LLC for which they received $27,435 in dividends in exchange for the LLC interest [Adv. 07-1144, Doc.161 at 38 - 40]; and (3) the Rolex watch which Defendants insured with Farmers Insurance for $7,275 which the court found was property of the estate but was never turned over by Defendants to Plaintiff.  [Adv. 07-1144, Doc. 161 at 19-20, 38; Trustee's *Affidavit*, Adv. 15-1212 Doc.11 at 14-15].

These findings were entitled to preclusive effect in this adversary. Collateral estoppel, or issue preclusion, is a doctrine prohibiting the relitigation of issues of ultimate fact between the same parties that have been determined by valid and final judgment. Collateral estoppel applies when the following factors are met: (1) the issue previously

decided is identical to that present in the current action; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom collateral estoppel is invoked was a party to or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is invoked had a full and fair opportunity to litigate the issue in the previous action. *B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 439 F.3d 653, 662 (10th Cir. 2006); *Phelps v. Hamilton*, 122F.3d 1309, 1318 (10th Cir. 1997). All of those elements are present here. The prior adversary between the parties found that the three subject transactions were fraudulent transfers and that decision was affirmed on appeal. There was nothing for this court to litigate as to Defendant's liability for the fraudulent transfers.

With liability established by the application of res judicata, the only remaining issue was to determine the amount of damages under § 550. The Court's May 28, 2014, *Order Avoiding Fraudulent Transfers* made findings to establish value which Defendants received for those fraudulent transfers so as to establish the Plaintiff's damages in this case:

1. As to the transfer of the 2001 Chevrolet Corvette, the Court found that Defendant Jim Funderburgh had "admitted that he, not his son, received payment of the purchase price of approximate $24,000". [Order, Doc. 161, p. 10 ¶ 22; Pretrial Order Stipulation (F) (6)].

2. As to the Rolex watch, the Court found that the Defendants "insured a gentleman's Rolex watch with a factory signature diamond dial for $7275". (Order, Doc 161, p. 19 ¶¶].

3. As to the Defendant's interest in the limited liability company of Funderburgh Horton LLC, the Court found that "according to the 2007 tax return, Debtors received $27,435 in dividends from Funderburgh Horton LLC after the filing of his bankruptcy". [Order, Doc. 161, p. 20 ¶ 56].

Based upon those established, undisputed facts in conjunction with the preclusive effect of the Court's May 28, 2014, *Order Avoiding Fraudulent Transfers,* Plaintiff herein was entitled to judgment as a matter of law.

## The Standards for Vacating a Judgment under Rule 60(b)

The Tenth Circuit has repeatedly noted that relief under Rule 60(b) is warranted only in exceptional circumstances.  See, e.g. *Van Skiver v. United States* , 952 F.2d 1241, 1243 (10th Cir.1991); *Pelican Products Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1991) .  The decision to "vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court . .  which is generally regarded as a broad discretion."  *Otoe County National Bank v. W & P Trucking, Inc.,*554 F.2d 8081, 883 (10th Cir. 1985); *Gomes v. Williams*, 420 F.2d *1364*, 1366 (10th Cir.1970); *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300,1307 (2nd Cir. 1996);  *Greenwood Explorations, Limited v. Merit Gas and Oil Corp., Inc*., 837 F.2d 423, 424 (10th Cir.1988 ).  The burden falls upon the party moving to have the judgment set aside to both plead and prove the grounds under which they are proceeding. See *Pelican* , 893 F.2d at 1147.  Additionally, the movant must demonstrate the existence of a meritorious defense.  *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1445 (10th Cir.1983).

Defendants' *Motion* does not set forth exactly what grounds or what subsection under Rule 60(b) they are proceeding.  They do allege that the *Judgment* granting summary judgment was entered "as a result of Plaintiff's misrepresentations" presumably because "contrary to the assertion of the Plaintiff, the Motion was never served on the Defendant's nor their Counsels". [*Motion*, Doc. 15, ¶ 3].  The  Court is unfortunately forced

8

to speculate, but presumably these allegations fall within subsection (3) of Rule 60(b) which allows relief from a final order or judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party".

"Regardless of the specific form of the allegation, a party relying upon Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zürich North America v. Matrix Service, Inc,*. 426 F.3d 1281 (10th Cir. 2005); *Wilkin v. Sunbeam*, 466 F.2d 714, 717 (10th Cir. 1972). In other words, "they must show 'clear and convincing proof' of fraud, misrepresentation or misconduct". *Anderson v. Department of Health & Human Services*, 907 F.2d 936, 952 (10th Cir. 1990). In seeking relief under Rule 60(b)(3) not only must a defendant establish fraud, misrepresentation, or misconduct by an opposing party, but he must also show and that "he has a meritorious claim but was prevented from fully and fairly presented his case because of the opposing parties fraud or misconduct". *Tillman v. McBride*, 53 F.3d 333 (Table) (7th Cir. 1995), 1995 WL 258112.

Fraud is defined as "the knowing misrepresentation of material fact, or concealment of the same when there was a duty to disclose, done to induce another to act to his or her detriment". *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008); *Travelers Casualty and Surety Co. of America v. J.O.A. Construction Co., Inc.*, 2010 WL 4792182 (D. E.D. Mich. 2010). To establish the existence of fraud upon the court, the defendant must identify conduct by an officer of the court that (1) is "directed to the judicial machinery itself", (2) is intentionally false, willfully blind to the truth, or in reckless disregard of the truth, (3) is a positive averment (or a concealment when one is under a duty to

9

disclose); and (4) deceives the court. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010)

(citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)).

Assuming that factor (1) is satisfied, Defendants' statements regarding Plaintiff's

alleged misrepresentations are refuted by a simple examination of the record. First,

Defendants assert that Plaintiff filed her Motion for Summary Judgment "without a

Certificate of Service". That's true, but without significance. Local Rule 2002-1(G)(1)

provides that "if all parties who are entitled to receive notice are served electronically by

the ECF system, no additional certificate service is necessary".

Second, Defendants "assert that Defendants and their counsel failed to receive said

Motion". Plaintiff was not required to serve a copy of the Motion for Summary Judgment

on Defendants where they were represented by counsel. Fed. R. Bankr. P.7005 provides

that Fed. R. Civ. P. 5 applies to adversary proceedings. Rule 5 (b), provides in pertinent

part:

> (b) Making Service.
>
> (1)     Service under Rules 5(a) and 77(d) on a party represented by
>         an attorney is made on the attorney unless the court orders
>         service on the party.
>
> ****
>
> (3)     U*sing Court Facilities.* If a local rule so authorizes, a party may use
>         the court's transmission facilities to make service under Rule
>         5(b)(2)(E).

Third, the *Judgment* recites a finding "that Defendants' attorneys, Philip Hurtt and

Gabriel Rivera, were served a copy of the Motion on June 3, 2015 using the CM/ECF

system". Plaintiff did give proper electronic notice to Defendants' attorney of record in the

adversary proceeding, Mr. Rivera. An examination of the docket sheet reveals a Notice

of Electronic Filing (NEF) reflecting that on June 3, 2015, at 9:00 A.M. CDT, a copy of the "Motion For Summary Judgment With Notice and Opportunity for Hearing Filed by Susan J Manchester" was sent to Gabriel Rivera on behalf of Defendants James A. Funderburgh and Joyce Funderburgh at rivassoc9@gmail.com.  No further notice was required as counsel Philip Hurtt, while having entered an appearance in the lead bankruptcy case so as to receive notices, had never entered an appearance in this adversary.  The Court assumes that Plaintiff also assumed that Mr. Hurtt had entered an appearance in the case and thus had been electronically served with a copy of the Motion for Summary Judgment. The fact he wasn't served because he had never entered an appearance in the case, however, is not the fault of Plaintiff.  Entering an appearance in the adversary was the responsibility of Mr. Hurtt.  "Courts have repeatedly held that carelessness by litigants or their counsel is inconsistent with the grounds for relief under Rule 60 (b)."  *White v. Cassey* 30 F.3d 142 (Table), 1994 WL 395902 (10th Cir. 1994) (citing *Pelican*, 893 F.2d at 1146; *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

## Conclusion

The Court in granting summary judgment to Plaintiff did so because the pleadings, exhibits, affidavit and the record in both this adversary, the preceding adversary and the lead bankruptcy case established that there was no dispute as to any material fact and that Plaintiff was entitled  to judgment as a matter of law.  The Court did not enter judgment by "default" or solely by deeming the Defendants as having "consented" to or "confessed" the Motion for Summary Judgment.  The *Motion for Summary Judgment* was determined on its merits.  Defendants have not pled or established grounds to vacate the court's

Judgment under Rule 60(b) nor have they even asserted in their *Motion* that they have a defense, meritorious or otherwise, to the *Motion for Summary Judgment*.  Accordingly, the *Defendants' Motion to Set Aside Order Granting Default Summary Judgment* [Doc.15] is hereby **DENIED**.

# # #